**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER ON MOTION

| | |
|---|---|
| Appellate case name: | Loruhamah Dickey v. Harris County, City of Houston, Houston Community College System, Houston Independent School District |
| Appellate case number: | 01-18-00639-CV |
| Trial court case number: | 2016-02269 |
| Trial court: | 125th District Court of Harris County |

This Court's March 19, 2019 Order had struck the March 11, 2019 brief filed by the pro se appellant, Loruhamah Dickey, ordered her to file a compliant amended brief within 10 days, and denied without prejudice appellees' motion to dismiss in this property tax case. On April 2, 2019, appellant filed this "Petition for Immediate Relief to Quash Invalid Tax in the Nature of a Notice of Removal" seeking a removal to the U.S. Court of International Trade, under 28 U.S.C. §§ 1406 and 1441.

However, appellant was required to file any notice of removal not in this Court, but in the U.S. District Court for the Southern District of Texas within 30 days after service of the original petition in 2016. *See* 28 U.S.C. § 1446(a) (noting that "defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal. . . ."), (b)(1) (noting that "notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. . . ."). Accordingly, the Court construes appellant's petition as a motion for notice of removal and **DENIES** it as both untimely and misfiled.

Finally, the Court **orders** appellant to file an amended brief that complies with Rule 38.1 **within 10 days from the date of this order**. *See* TEX. R. APP. P. 38.1(a)-(k), 38.9(a). The Court further notifies appellant that, because appellees' brief on the merits was filed on March 15, 2019, if no compliant appellant's brief is timely filed, this Court may set this case for submission without appellant's brief and "regard that [appellees'] brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record." TEX. R. APP. P. 38.8(a)(3).

It is so ORDERED.

Judge's signature: _____/s/ Evelyn V. Keyes_____

                 x  Acting individually    ☐  Acting for the Court

Date: __April 9, 2019____